**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE GLUCAGON-LIKE PEPTIDE-I RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094 <br><br> THIS DOCUMENT RELATES TO ALL CASES <br><br> JUDGE KAREN SPENCER MARSTON |
| MARK L. SOMMERER, <br> *Plaintiff,* <br><br> v. <br><br> NOVO NORDISK, INC. AND NOVO NORDISK A/S, <br> *Defendants.* | COMPLAINT AND JURY DEMAND <br><br> CIVIL ACTION NO.: |

**SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this Short-Form Complaint and Demand for Jury Trial against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate( s) by reference the allegations, claims, and the relief sought in Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint"), and any subsequent amended versions of such Master Complaint, filed in In Re: Glucagon-Like Peptide-I Receptor Agonists (GLP-1 RAs) Products Liability Litigation, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this Short-Form Complaint as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

1

## **IDENTIFICATION OF PARTIES**

### **Plaintiff(s)**

1. Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): Mark Louis Sommerer

2. If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: n/a

as _____ of the estate of _____, deceased.

3. If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): n/a

4. If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: n/a

### **Defendant(s)**

5. Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

    __X__     Novo Nordisk Inc.

    __X__     Novo Nordisk A/S

    _____     Eli Lilly and Company

    _____     Lilly USA, LLC

    _____     other(s) (identify): _____

## JURISDICTION AND VENUE

6. City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

Imperial, Missouri

7. State where Plaintiff/Decedent was prescribed the GLP-lRA Product(s) at issue:

Missouri

8. State of Plaintiffs/Decedent's residence at time of their use of the GLP-lRA Product(s) at issue:

Missouri

9. City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

Imperial, Missouri

10. Jurisdiction is based on:

__X__ diversity of citizenship pursuant to 28 U.S.C. § 1332

_____ other (plead in sufficient detail as required by applicable rules):

_____

_____

11. The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

Eastern District of Missouri

12. Venue is proper in the District Court identified in Paragraph 11 because:

__X__ a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

3

_____ other (plead in sufficient detail as required by applicable rules):

_____

_____

13. If applicable, identify the citizenship of any additional Defendant(s) named above:

_____

## PRODUCT USE

14.  Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

   X         Ozempic (semaglutide)

             Wegovy (semaglutide)

             Rybelsus (oral semaglutide)

             Victoza (liraglutide)

             Saxenda (liraglutide)

             Trulicity (dulaglutide)

             Mounjaro (tirzepatide)

             Zepbound (tirzepatide)

             Other(s) (specify): _____

15.  To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

Ozempic from approximately December 2018 to December 2024

## **INJURIES AND DAMAGES**

16. To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s), Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

_____　　Gastroparesis

__X__　　Other gastro-intestinal injuries (specify): cyclical or severe vomiting

_____　　Ileus

_____　　Ischemic Bowel/Ischemic Colitis

_____　　Intestinal Obstruction

_____　　Necrotizing Pancreatitis

_____　　Gallbladder Injury (specify) _____

_____　　Micronutrient Deficiency

_____　　Wemicke's encephalopathy

_____　　Aspiration

_____　　Death

_____　　Additional/Other(s) (specify):

17. Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

March 2024 through December 2024

18. In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

__X__　　Injury to self

_____　　Injury to person represented

_____　　Economic loss

6

_____   Wrongful death

_____   Survivorship

_____   Loss of services

_____   Loss of consortium

_____   other(s) (specify):

## CAUSES OF ACTION

19.  In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

|  |  |  |
|---|---|---|
| __X__ | Count I: | Failure to Warn- Negligence |
| __X__ | Count II: | Failure to Warn- Strict Liability |
| __X__ | Count III: | Breach of Express Warranty/Failure to Conform to Representations |
| __X__ | Count IV: | Breach of Implied Warranty |
| __X__ | Count V: | Fraudulent Concealment/Fraud by Omission |
| __X__ | Count VI: | Fraudulent/Intentional Misrepresentation |
| __X__ | Count VII: | Negligent Misrepresentation/Marketing |
| __X__ | Count VIII: | Strict Product Liability Misrepresentation/Marketing |
| __X__ | Count IX: | Innocent Misrepresentation/Marketing |
| _____ | Count X: | Unfair Trade Practices/Consumer Protection (see below) |
| __X__ | Count XI: | Negligence |
| _____ | Count XII: | Negligent Undertaking |
| _____ | Count XIII: | State Product Liability Act (see below) |
| _____ | Count XIV: | Wrongful Death |
| _____ | Count XV: | Loss of Consortium |
| _____ | Count XVI: | Survival Action |
| _____ | | Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules): |

20.    If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

   a.  Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims: <u>n/a</u>

   b.  Identify the factual allegations supporting those claims (by subsection, if applicable): <u>n/a</u>

*Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21.     If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

    a.   Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims: <u>n/a</u>

    b.   Identify the legal theories identified in Paragraph 19 above (e.g., negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim: <u>n/a</u>

    c.   Identify the factual allegations supporting those claims: <u>n/a</u>

*Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.*

22.     If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? <u>Pursuant to Missouri law, notice is only required to be sent from a buyer to the immediate seller, not the manufacturer of a product.  Pre-suit notice was provided to the seller, U.S. Department of Veteran's Affairs in St. Louis, MO.</u> If so, attach such notice.

## **RELIEF**

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the Master Complaint, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## **JURY DEMAND**

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

DATED: March 20, 2026                    Respectfully submitted,

**PRODUCT INJURY LEGAL GROUP, LLC**

*/s/ Andrew J. Feldman*
Andrew J. Feldman, MO Bar #61005
1200 S. Big Bend Blvd.
St. Louis, MO 63117
Phone: (888) 537-3563
Facsimile: (314) 334-8063
afeldman@productinjurylegal.com
*Attorney for Plaintiff*